**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SHANE F. CROSS,**

**Plaintiff,**

**v.** **Case No. 25-C-1992**

**N. WILEY et al.,**

**Defendants.**

---

**DECISION AND ORDER**

---

Plaintiff Shane Cross, a prisoner confined at the Chippewa Valley Correctional Treatment Facility, is representing himself in this 42 U.S.C. §1983 action. On June 24, 2026, Defendants filed a motion for summary judgment on exhaustion grounds. Cross did not respond to the motion or seek additional time to do so. On August 3, 2026, the Court ordered Cross to show cause by August 24, 2026, why this case should not be dismissed based on his failure to diligently prosecute it. Cross did not respond to the Court's order. The Court therefore concludes that Cross is not diligently prosecuting this action and will dismiss this action without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** based on Cross' failure to diligently prosecute it. *See* Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 14th day of September, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.